J-S16043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMEL WAYNE WATLEY, | |
| Appellant | No. 1545 WDA 2016 |

Appeal from the PCRA Order September 22, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos.: CP-02-CR-0005989-1993
CP-02-CR-0007012-1993

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:         **FILED APRIL 17, 2017**

      Appellant, Jamel Wayne Watley, appeals *pro se* from the denial of his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

      We take the following facts from our independent review of the certified record. On October 7, 1993, a jury convicted Appellant of first degree murder, aggravated assault, criminal conspiracy, and firearms not to be carried without a license.[1] The charges resulted from his fatal shooting of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2501, 2702(a)(1), 903, and 6106, respectively.

the victim on April 27, 1993, when Appellant was twenty years old.[2]  On October 8, 1993, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole.  On July 21, 1995, a panel of this Court reversed Appellant's judgment of sentence and remanded for a new trial.  (*See Commonwealth v. Watley*, 668 A.2d 1199 (Pa. Super. 1995) (unpublished memorandum)).  The Pennsylvania Supreme Court reversed this Court's decision on July 29, 1997, reinstating the judgment of sentence.  (*See Commonwealth v. Watley*, 699 A.2d 1240, at 1246 (Pa. 1997)).

On February 5, 1998, Appellant filed a timely PCRA petition. Appointed counsel filed an amended petition, which the PCRA court denied on August 11, 1998.  Appellant did not appeal the denial.  On October 23, 2006, and February 26, 2010, Appellant filed his second and third PCRA petitions.  The PCRA court dismissed both petitions as untimely, this Court affirmed the dismissals, and the Pennsylvania Supreme Court denied Appellant's petitions for allowance of appeal.  (*See Commonwealth v. Watley*, 945 A.2d 772 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 946 A.2d 687 (Pa. 2008); *Commonwealth v. Watley*, 26 A.3d 1179 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*,

---

[2] Appellant was born on February 12, 1973.  (*See* Criminal Information, 6/09/93, at 1).

31 A.3d 292 (Pa. 2011)). On August 15, 2012, Appellant filed his fourth PCRA petition, which the PCRA court dismissed as untimely. Appellant did not appeal.

On March 22, 2016, Appellant filed his current *pro se* PCRA petition, his fifth. Appointed counsel filed a **Turner**/**Finley**[3] "no-merit" letter and motion to withdraw, on July 13, 2016. On July 26, 2016, the PCRA court granted counsel's motion to withdraw, and provided Appellant with Rule 907 notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant responded to the notice on August 15, 2016. On September 22, 2016, the PCRA court dismissed the PCRA petition as untimely. Appellant timely appealed.[4]

Appellant raises four questions for our review:

I.   Did the PCRA court err as a matter of law when it dismissed Appellant's PCRA petition?

II.  Does the Eighth Amendment to the United States Constitution prohibit the sentence of mandatory life without parole for individuals over age [seventeen,] but below age [twenty-five]?

III. Does the Eighth Amendment to the United States Constitution prohibit the sentence of mandatory life without parole for adults convicted of murder?

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] On November 9, 2016, Appellant filed a timely statement of errors complained of on appeal, pursuant to the PCRA court's order. The court filed an opinion on December 6, 2016. *See* Pa.R.A.P. 1925.

IV.    Does the Fourteenth Amendment Equal Protection Clause prohibit the sentence of mandatory life without parole for persons convicted of murder in the Commonwealth of Pennsylvania?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted).

We begin by addressing the timeliness of Appellant's petition.

The PCRA provides eligibility for relief in conjunction with cognizable claims, . . . and requires petitioners to comply with the timeliness restrictions. . . .  [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final.  A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature.  As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits.  Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of

the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

*Commonwealth v. Robinson*, 139 A.3d 178, 185–86 (Pa. 2016) (quotation marks and citations omitted).

Here, Appellant's judgment of sentence became final on October 27, 1997, when his time to file a petition for a writ of *certiorari* expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, Appellant had until October 27, 1998, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on March 22, 2016, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant claims the benefit of the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), by arguing that his life sentence is unconstitutional pursuant to **Miller v. Alabama**, 132 S. Ct. 2455 (2012), and **Montgomery v. Louisianna**, 136 S. Ct. 718 (2016).[5] (**See** Appellant's Brief, at 8-13). Appellant acknowledges that he "was twenty (20) years old at the time of the [] crime[,]" but maintains that he was "not an adult because the biological process of a child is not complete until one reaches their mid-twenties[,]" and thus, he should "be treated similarly" to his "juvenile counterparts[.]" (**Id.** at 11). We disagree.

_____

[5] In **Miller**, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. **See Miller**, **supra** at 2469. In **Montgomery**, the United States Supreme Court determined that its **Miller** holding constituted a new substantive rule of constitutional law that must be applied retroactively to cases on collateral review. **See Montgomery**, **supra** at 736.

This Court has expressly "[held] that petitioners who were older than [eighteen] at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (case citation omitted). Therefore, Appellant's argument predicated on an extension of *Miller* and *Montgomery* fails. *See id.*

In sum, we conclude Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar. *See Robinson*, *supra* at 185–86. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017